MINNA KNOCH, Appellant, *v.* MARIE E. H. VON BERNUTH, as Executrix, etc., Respondent.

*It seems,* that one who as a witness has testified to a state of facts in favor of the successful party to an action is not thereby estopped from asserting the contrary in a subsequent action in his own behalf against the party in whose favor he testified or his legal representatives.

A judgment will not be reversed because the trial court has drawn from facts properly in the case for other purposes an erroneous legal conclusion as to a question not necessarily involved in the case or essential to its determination.

(Argued March 20, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 2, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term dismissing the complaint.

The following is the opinion in full :

" The plaintiff, as assignee of John Boker, her former husband, brought this action against the defendant, as the personal representative of Louis Funke, to compel an accounting and payment to her of certain interests or profits in a business that, as she claims, passed to her under the assignment from her husband. She has been defeated in the action on various grounds : (1) That her husband had no interest in the business or profits to assign, and nothing passed to her under the assignment. (2) That the assignment was collateral security merely for the payment of a certain note which had been fully paid. (3) That she is estopped through the acts of her husband and assignor in certain prior litigations

from now claiming any interest in the proceeds of the business. (4) That the claim is barred by the Statute of Limitations.

" The action was commenced in June, 1889, and the following facts were conceded or established and found by the trial court: John G. Boker, the father of plaintiff's assignor, had acquired the recipe, formula and secret for the manufacture of a cordial known as ' Boker's Stomach Bitters,' with the labels designating the same, and the trade mark and sole right to manufacture and sell the same. On the 20th of February, 1860, he assigned and transferred the same by an instrument in writing to his son-in-law, defendant's testator, who continued, up to the time of his death, on April 2, 1892, to be the sole proprietor of the right thus assigned and the business of manufacturing and selling the article. In consideration of this assignment the assignee agreed to carry on the business and to pay over to Marie Boker, the wife of the assignor, during her life, two-thirds of the net profits arising therefrom. John G. Boker died a few days after this assignment, on March 3, 1860, but his widow, for whose benefit the transfer was made, survived him for many years and until July 5, 1888, when she died, having resided for most of the time in Germany after her husband's death.

" It has been found by the trial court and is not disputed that the assignee, the defendant's testator, faithfully performed his agreement to pay to the widow during her life two-thirds of the net profits of the business. He rendered to her every year statements of the business and its profits and paid to her, or upon her order, the share of the profits secured to her by the assignment and agreement. Her share of the profits amounted to a very considerable sum annually, and from time to time she gave directions that a part of it should be credited and paid to other members of her family, and in all cases her directions were complied with. Among others, she directed that a portion of her share be credited to a former wife of her son, John Boker, in trust for his benefit, and paid to her for his use. This request was carried out by the defendant, and certain sums were credited and paid to John's wife as trustee for him. It is claimed that John did not in fact secure the

benefits of these credits or payments, but that they were retained or otherwise disposed of by his former wife, and the principal feature of this action is to compel Funcke, the son-in-law, assignee and proprietor of the business, to account for the same. He died after the commencement of the action, which has been continued against his executrix. This is the interest which the plaintiff claims under her assignment.

"Without reference to the other grounds upon which the plaintiff was defeated in the action, it is quite sufficient to say that the defendant's legal relations and obligations were with Marie Boker, the widow of his assignor. He, having accounted to her for two-thirds of the profits of the business and paid over the same to her, or to others by her directions, is relieved from any liability to account to the plaintiff. He has discharged all his obligations, and if any portion of the share which he disposed of under the directions of Marie failed to reach the objects of her bounty, he is not in anywise responsible for the diversion. It is said that Marie, in directing certain sums to be paid to the former wife of her son, in trust for him, created a valid trust which may be enforced in equity. That may be so, but the defendant was not the trustee, and after he had paid the money over according to the directions of the creditor to whom it belonged, he had no further duty to perform and incurred no further obligations concerning it. If there was any trust, then the former wife of John was the trustee, and if she failed to account or use the money for his benefit, her default cannot be charged to the defendant. The findings in the trial court, which are fully sustained by the evidence, leave no ground upon the merits for the plaintiff's case to rest. Without discussing any question as to the Statute of Limitations, the other finding that the note to which her assignment was collateral has been fully paid is supported by evidence. We must, therefore, assume it to be a fact in the case, and this assumption would deprive the plaintiff's claim of any equitable basis.

"There are several exceptions in the case, only two of which require any special notice. The ground upon which the plaintiff's assignee, John Boker, claimed an interest in the profits is stated in the complaint in a very general way. The

statements were very broad and not confined to the interest paid over for his benefit in trust. In 1879 the defendant, as assignee and proprietor of the right secured by the recipe, formula and trade mark, brought an action in the courts of Louisiana against parties there for an infringement of his right, to restrain the use of the trade mark and labels and for damages. He succeeded in the action. In the course of the proceedings John was examined as a witness for the plaintiff and his depositions taken in this state. He testified that he had no interest whatever in the right or in the business. On the trial of the present action these depositions were offered in evidence for the defense and received under objection and exception. They were properly received, since they were at least admissions on the part of the witness that he then had no interest in the formula, trade mark or business, and thus tended to disprove the broad allegations of the complaint.

" Subsequently the judgment record in the action in which the depositions were taken was offered and received under a general objection. The record containing the pleadings in the case showed what the issues were to which the testimony in the depositions related, and thus tended to give point and application to the statements of the witness.

" While this document was not very material, it was not error prejudicial to the plaintiff to receive it, especially against an objection so general as the one interposed.

" The learned trial judge found the fact of the institution of the action in Louisiana by the defendant, its purpose, object and result, and further that John, the plaintiff's assignor, gave testimony to the effect that the defendant was the sole owner of the recipe, formula and right to manufacture.

" On this finding a conclusion of law was based to the effect that John by thus giving testimony in the action estopped himself and all claiming through or under him from claiming, as against the present defendant, who was the plaintiff in that suit, any interest in the business or the profits resulting from the sale of the bitters. We do not mean to affirm the correctness of this proposition. It would probably be quite difficult to show that a witness who testified to a state of facts in favor of the successful party to an action is thereby estopped

and forever precluded from asserting the contrary in a subsequent action in his own behalf against the party in whose favor the testimony was given or his legal representatives. His testimony once given bears upon the truth or good faith of any subsequent contradictory statement, but does not necessarily of itself create an estoppel. This finding, however, is not material. It constitutes an independent ground of defense in the decision below, and has no necessary connection with the other matters of defense which appear in separate findings and are so free from doubt or conflict as to determine the result, irrespective of any other questions. If the findings in regard to the former suit and the estoppel are stricken out, the judgment is well sustained by what remains. A judgment ought not to be reversed because the trial court has drawn from facts properly in the case for other purposes, an erroneous legal conclusion as to a question not necessarily involved in the case or essential to its determination. Upon the other facts found by the learned trial judge, the plaintiff's case necessarily failed, and an additional reason for the result, though erroneous, does not furnish any ground for complaint by the plaintiff. There are some other questions presented on the briefs of counsel, but it is not necessary to consider them since the findings and other features already considered are controlling and dispose of the appeal.

"The judgment should be affirmed, with costs."

*Charles Goldzier* for appellant.

*Austin Abbott* for respondent.

O'BRIEN, J., reads for affirmance.
All concur, except GRAY, J., not voting.
Judgment affirmed.